UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAINELL K BLACKNALL,

                Plaintiff,

-against-

ROCKLAND COUNTY MUNICIPAL
CORPORATION, et al.,

                Defendants.

25-CV-7747 (LTS)

ORDER DIRECTING PRISONER
AUTHORIZATION

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who proceeds *pro se*, is currently detained at Rockland County Jail. (ECF 2 at 1.) To proceed with a civil action in this Court, a prisoner must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request permission to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915.[1]

    If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account.[2] *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore also authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee from the prisoner's account in installments and to send to this Court

---

[1] For purposes of the filing fees, a prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

[2] The $55.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Plaintiff submitted an IFP application but did not submit a prisoner authorization. Within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or complete and submit the attached prisoner authorization. If Plaintiff submits the prisoner authorization, it should be labeled with docket number 25-CV-7747 (LTS).[3]

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed without prejudice to refiling.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 18, 2025
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[3] Plaintiff is cautioned that if a prisoner files a federal civil action or appeal that is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and he must pay the filing fees at the time of filing any new action.