UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAINELL K-SHAWN BLACKNALL,

                    Plaintiff,

        -against-

ROCKLAND COUNTY MUNICIPAL
CORPORATION, ET AL.,

                    Defendants.

25-CV-7747 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff is currently detained at Rockland County Jail and is proceeding *pro se*. He brings this action, under 42 U.S.C. § 1983, alleging violations of his rights under the First, Fourth, Fifth, Sixth, Seventh, Eighth, Tenth, and Fourteenth Amendments to the United States Constitution. Plaintiff also invokes federal criminal statutes 18 U.S.C. §§ 241, 242, 245, 1503, and 2340, as well as 42 U.S.C. § 2000, and state law claims for intentional and negligent infliction of emotional distress. By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474

(2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

The following allegations are drawn from the complaint.[1] Plaintiff does not specify when

or where his claims arose. Plaintiff makes the following statement of facts, without any further

information:

> What Happened? Names? Detail. 1st amendement - Deprivation right to redress
> grievances with my Groverment. 4th amendment - right against unreasonable
> seizure. 5th amendment - right to remain sileat. 6th amendment - Right to face
> your accuser Proof of injury 7th amendment. Right to Jury trail for controvisy
> over $20 and excessive fines 14th amendment - Due Proccess of law & Equal
> Protection of law.

(ECF 1 at 6.)

Plaintiff brings suit against Rockland County, Sheriff Louis Falco, Court Officer Kelvin

Sloven, John Doe Officer from the Haverstraw Police Department, and John Doe Officer from

the Clarkstown Police Department. Plaintiff seeks compensatory and punitive damages.

## DISCUSSION

**A.     Short and plain statement of claim**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and

plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief

if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all

well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's

favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept,

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation
are as in the original unless noted otherwise.

2

however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

Plaintiff does not provide enough information to determine whether the allegations plausibly suggest that Plaintiff is entitled to relief from the defendants. Specifically, the complaint does not plead facts describing what occurred and what each of the named defendants did or failed to do that violated his rights. For example, Plaintiff asserts a violation of his Fourth Amendment right to be free from unreasonable seizure, but he does not allege when and where he was seized, who did so, and the context suggesting that the seizure was unreasonable. Without concrete facts describing what occurred and when it occurred, Defendants cannot respond to the complaint. Plaintiff's complaint therefore does not comply with Rule 8 and fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Prosecuting criminal charges**

Plaintiff invokes federal criminal statutes 18 U.S.C. §§ 241, 242, 245, 1503, and 2340, as a basis for his suit against Defendants. Plaintiff cannot initiate the arrest and prosecution of an individual in federal court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against any Defendant, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses Plaintiff's claims for alleged violations of federal criminal statutes for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

3

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

First, Plaintiff must name as the defendants in the caption and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. Second, in the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. Any defendants named in the caption should be discussed in Plaintiff's statement of claim. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include:

a) the names and titles of all relevant people;

b) **a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;**

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

4

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## LEGAL ASSISTANCE

Plaintiff is advised that a clinic operated by the City Bar Justice Center (CBJC) may be able to assist him in responding to this court order. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the intake form. A flyer with details is attached.[2]

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-7747 (LLS). An Amended Complaint form and a flyer from CBJC is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, Plaintiff's federal claims will be dismissed for failure to state a claim upon which relief may be granted, and the Court will decline supplemental jurisdiction of his state law claims.

SO ORDERED.

Dated:    March 5, 2026
          New York, New York

                                            _Louis L. Stanton_
                                            Louis L. Stanton
                                            U.S.D.J.

---

[2] The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name             Middle Initial          Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State               Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                      Zip Code

Defendant 2:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                      Zip Code

Defendant 3:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                      Zip Code

Defendant 4:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                      Zip Code

Page 3

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 4

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6